IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANGEL NAVARRO CARATACHEA, Petitioner,

v.

GUY HALL, Respondent.

Civil No. 04-1204-MO

OPINION AND ORDER

Mark Bennett Weintraub
Assistant Federal Public Defender
151 W. Seventh, Suite 510
Eugene, Oregon 97401

Attorney for Petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

///

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his state court conviction for Aggravated Murder. For the reasons which follow, the Petition for Writ of Habeas Corpus (#2) is denied.

**BACKGROUND**

On June 11, 1998, the Washington County Grand Jury indicted petitioner for Aggravated Murder for the murder of Grisel Arroyo-Mondragon. Respondent's Exhibit 102. The aggravating factor was petitioner's previous conviction for a murder in Texas in 1984. *Id; see also* ORS 163.095(1)(c).

At petitioner's plea hearing, the prosecution advised the court that it was prepared to present evidence which linked petitioner to the victim's murder through blood, fingerprint, and other physical evidence. Respondent's Exhibits 103, pp. 24-32. The State was also prepared to present witness testimony pertaining to petitioner's attempts to dispose of the body and flee to Mexico directly following the murder. *Id.*

Faced with the possibility of a death sentence if convicted at trial, petitioner elected to enter a plea of no contest in exchange for the State's promise not to seek the death penalty. The trial court accepted petitioner's plea and sentenced him to life without the possibility of parole. Respondent's Exhibit 104, p. 6.

Petitioner filed a direct appeal but did not raise any assignments of error. *See* Respondent's Exhibit 115. Accordingly, the Oregon Court of Appeals affirmed the conviction and sentence without opinion in *State v. Caratachea*, 169 Or.App. 651, 10 P.3d 336 (2000). Petitioner did not petition the Oregon Supreme Court for review.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County, but the PCR trial court denied relief. Respondent's Exhibits 116-117. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Caratachea v. Schiedler*, 192 Or.App 672, 89 P.3d 688, *rev. denied*, 337 Or. 247, 95 P.3d 728 (2004).

Petitioner initiated the current action on August 30, 2004, and filed his Amended Petition on February 9, 2006. In his Amended Petition, petitioner raises the following claims:

(1) Petitioner was denied his right to effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments because:

(a) Counsel failed to properly investigate, prepare and present petitioner's defense;

(b) Had counsel effectively assisted petitioner, trial counsel would not have advised petitioner to enter a plea of guilty;

(c) Counsel's failure to adequately and effectively investigate petitioner's case precluded counsel from being able to give petitioner appropriate and meaningful advice regarding the critically important decision of pursuing trial or settlement;

(4) Petitioner's plea was fundamentally flawed in light of the fact that the assistance of a psychologist was required at the plea hearing to assist petitioner in understanding and entering his plea of guilty to the trial court. Consequently, petitioner's plea of guilty was not entered knowingly, voluntarily, or intelligently;

(e) Petitioner maintains that he is actually innocent of the offenses for which he was convicted in 2000; and

(2) The trial court violated petitioner's Sixth and Fourteenth Amendment rights when it accepted petitioner's no contest plea given the condition of petitioner at the time of the proceeding and given that petitioner could not enter the plea without the assistance of a psychologist.

Amended Petition (#29), pp. 2-3.

Respondent asks the court to deny relief on the Amended Petition because petitioner's claims are procedurally defaulted, and the state court decisions denying relief on any fairly presented claims are entitled to deference.

**DISCUSSION**

**I. Exhaustion and Procedural Default.**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the

state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, it is evident that petitioner did not fairly present any claims during his direct appeal proceedings because he failed to include any assignments of error in his Appellant's Brief. Even if petitioner had presented federal claims to the

Oregon Court of Appeals, he never petitioned the Oregon Supreme Court for review, thus he could not have fairly presented any claims to that court.

With respect to his PCR proceedings, petitioner's first assignment of error in his Appellant's Brief focused on two sub-claims pertaining to trial counsel's performance. Specifically, he asserted that trial counsel failed to: (1) argue that petitioner was unable to aid and assist in his own defense; and (2) perform an adequate investigation. Respondent's Exhibit 118, p. 4. Relevant to petitioner's first assignment of error, his Appellant's Brief referred to the U.S. Constitution in one instance: it quoted the PCR trial court's legal conclusion that "petitioner was not denied the right to counsel, as guaranteed by either the United States Constitution or the Constitution of the State of Oregon. . . ." Respondent's Exhibit 118, p. 4.

Although petitioner made this reference to the U.S. Constitution when recounting the underlying PCR trial, he made it clear to the Oregon Court of Appeals that his appeal focused only on a state claim. Specifically, he characterized this assignment of error as "a claim of inadequate assistance of counsel under the Oregon Constitution," and proceeded to base his argument solely on state court precedent. Respondent's Exhibit 118, pp. 4-8. Petitioner's exclusive reference to "inadequate" assistance of counsel in the Argument section of his Appellant's Brief

constitutes "an explicit reference to the usual term referring to the state version of the constitutional right," and is therefore insufficient to fairly present a federal "ineffective" assistance of counsel issue to the state courts. *Peterson v. Lampert*, 319 F.3d 1153, 1160 (9th Cir. 2003). Indeed, it appears from the record that petitioner, who was represented by counsel during all levels of his PCR proceedings, intended to abandon the federal basis of his ineffective assistance of counsel claims and focus solely on the state constitutional dimension.[1] *See id* at 1159 (absence of federal claim in counseled appellate brief is evidence of strategic choice to omit such a claim which had been raised in a lower court).

The only other time petitioner mentioned the U.S. Constitution in his Appellant's Brief pertained to his second assignment of error wherein he faulted the PCR trial court for its refusal to entertain his claims of trial court error. His reference to the U.S. Constitution in this regard once again involved an

[1] Although petitioner had raised his ineffective assistance of counsel claims under both state and federal law during his PCR trial, this was insufficient to fairly present a federal issue to the Oregon Court of Appeals. On appeal, he argued only the merits of a state "inadequate" assistance of counsel claim. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a claim is not fairly presented if a state court "must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so."); *see also Castillo v. McFadden*, 399 F.3d 993, 1000 (in order to exhaust, a petitioner must present his federal constitutional issue "within the four corners of his appellate briefing.").

illustration of the record from the PCR trial court, and was intended to show that he "clearly alleged that he suffers from mental dysfunctions . . . and that his plea of no contest was not knowingly, intelligently, and voluntarily given as required by state and federal Constitution." *Id* at 9. The claim before the Oregon Court of Appeals, however, did not concern the validity of petitioner's plea. Instead, it involved only a matter of state procedural law, *i.e.*, whether petitioner's claims of trial court error were allowable in an Oregon PCR proceeding. *See* Respondent's Exhibit 118, pp. 8-9. Both the PCR trial court and the Oregon Court of Appeals concluded that they were not. Respondent's Exhibits 116 & 122. Because petitioner sought reversal of the PCR trial court's decision based only on an interpretation of state procedural law, his second reference to the U.S. Constitution also failed to fairly present a federal claim.

Based on the foregoing, the court concludes that petitioner failed to present any federal claims to the Oregon Court of Appeals and, thus, had no such claims preserved for review by the Oregon Supreme Court. As the time for presenting his federal claims to the state courts passed long ago, the grounds for relief contained in the Petition for Writ of Habeas Corpus are procedurally defaulted.

///

///

**II. Actual Innocence.**

Petitioner argues that the court should excuse any procedural default on the basis that he is actually innocent of Aggravated Murder. He also requests the opportunity to establish his actual innocence in an evidentiary hearing.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove by a preponderance that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the

newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

Petitioner's attempt to prove his innocence in this proceeding is limited to a general assertion that he was framed for murder. In an affidavit attached to his Amended Petition, petitioner simply states that he would not have been found guilty had his trial attorney performed an adequate investigation. Affidavit of Angel Navarro Caratachea, p. 2. However, petitioner fails to identify any favorable evidence which his attorney could have uncovered during a more thorough investigation. Accordingly, the court is unable to conclude from the record before it that no reasonable juror would have found petitioner guilty of Aggravated Murder.

With respect to petitioner's alternative request for an evidentiary hearing, not only was he afforded a full PCR trial in which to develop evidence of his innocence in support of his ineffective assistance of counsel claims, but his bare assertion of innocence "has failed to show what . . . an evidentiary hearing might reveal of material import on his assertion of actual innocence." *Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002). Accordingly, the court declines to hold an evidentiary hearing. *See Belmontes v. Woodford*, 335 F.3d 1024, 1053-54 (9th Cir. 2003) (requiring a petitioner seeking an evidentiary hearing to allege facts which, if proven, would entitle him to relief, and

also show that he was denied opportunity to develop those facts in state court).

**CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this 20th day of September, 2007.

/s/ Michael W Mosman
Michael W. Mosman
United States District Judge